[No. 11531.   In Bank. — July 31, 1890.]

PIERRE PRIET ET AL., RESPONDENTS, v. JAMES DE
LA MONTANYA ET AL., APPELLANTS.

OFFICIAL BOND OF TREASURER — LIABILITY OF SURETIES — MISAPPROPRIA-
TION OF FUNDS — ILLEGAL PAYMENT UNDER DUPONT STREET IMPROVE-
MENT ACT — RIGHTS OF LESSEE UNDER SUBSTITUTED WARRANT.—Where
the treasurer of the city and county of San Francisco, in violation of his
official duty, paid a warrant illegally presented by the owner of a lot
taken for the improvement of Dupont Street under the act approved
March 23, 1876, after another warrant payable to the owner or owners
of the same lot had been substituted therefor by the street commissioners,
upon discovery that another person owned a leasehold interest in the
lot, and such payment was made out of money which the treasurer had
set apart for payment of the substituted warrant, such illegal payment
was a misappropriation of the fund so set apart, for which the sureties on
his official bond for the term in which the payment was made are liable
to the owner of the leasehold interest for any deficiency in payment
therefor caused by exhaustion of the street fund.

ID. — EXHAUSTION OF STREET FUND DURING SECOND TERM. — The fact that
the street fund was exhausted during the second term of the treasurer
does not relieve the sureties on his official bond from liability for misap-
propriation of the fund specially appropriated to the payment of such
substituted warrant during the first term, it not appearing that the
amount was made good by the treasurer, or that there was any misap-
propriation of funds during the second term for which his sureties for
that term could be made liable.

ID. — LAW OF CASE. —The decision on a former appeal, in an action by the
same plaintiff against the treasurer to compel payment of the substi-
tuted warrant, is the law of the case upon appeal in a second action by
the same plaintiff against the sureties on his official bond to compel pay-
ment of the deficiency.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are as follows: Defendant Hubert was treas-
urer of the city and county of San Francisco from
December 6, 1875, until December 6, 1877, and before
entering upon the discharge of his official duties gave
the bond in suit, upon which his co-defendants are
sureties. Upon the expiration of his term of office he
succeeded himself by re-election.

Under the provisions of an act entitled "An act to authorize the widening of Dupont Street, in the city and county of San Francisco," approved March 23, 1876 (Stats. 1875–76, p. 443), he, as such treasurer, received from the sale of Dupont Street bonds the sum of $966,950 to the credit of the Dupont Street fund. A lot on Dupont Street, belonging to one David Hunter, in which plaintiffs had a leasehold interest, was, pursuant to the act, taken for the improvement of the street, and the board of commissioners awarded the sum of $10,932, as damages for the taking of the lot, to David Hunter, as owner; and on April 20, 1877, issued to him, in his favor, a warrant, numbered 92, for the amount. Hunter, seven days thereafter, indorsed these words, "Received payment. David Hunter," upon the warrant, and delivered it to Henry S. Tibbey, the secretary of the board of commissioners. At the time the warrant was issued, the board was unaware of the interest of plaintiffs in the lot, but subsequently, on July 9, 1877, having discovered plaintiffs' claim of interest therein, it drew another warrant, numbered 114, for the same amount, payable to "the owner or owners" of the lot taken, and in compliance with section 15 of the act of March 23, 1876, deposited the same with the county clerk, and notified defendant Hubert, as treasurer. Both warrants were payable out of the Dupont Street fund. The first warrant, No. 92, was afterwards illegally presented at the treasurer's office by Tibbey, and illegally paid to him by a deputy of the treasurer. The plaintiffs, in order to have determined the proportion of the amount so awarded that they were entitled to under said section 15 of the act, brought an action against Hubert, as treasurer, T. H. Reynolds, as county clerk, and David Hunter, and prosecuted the same to final judgment, which was entered on the fifth day of January, 1883, in accordance with the decision of this court rendered therein on appeal (*Priet· v. Hubert,* 62 Cal. 9), in which decision it was also deter-

mined that the payment of warrant No. 92 was no defense to the payment of warrant No. 114. On the day after judgment was entered, the then treasurer paid on warrant No. 114 the sum of eighteen hundred dollars, being all that remained in the Dupont Street fund. This amount was divided *pro rata* between plaintiffs and Hunter, — the former receiving the sum of $178, and the latter the remainder, leaving the sum of $1,472, with interest thereon, together with $100 as costs in that action, due the plaintiffs, to recover which this action was brought against Hubert and his sureties. Plaintiffs had judgment, from which, and an order denying a new trial, they appeal.

*Mastick, Belcher & Mastick,* for Appellants.

*D. H. Whittemore,* for Respondents.

Fox, J. — After a careful re-examination of this case in Bank, we are satisfied that inasmuch as this court did decide in *Priet* v. *Hubert,* 62 Cal. 17, that the treasurer paid to Tibbey, on warrant No. 92, in " violation of his official duty, and with full knowledge that 92 represented the amount of damages allowed for the property to which the present plaintiff asserted a claim, and that he paid 92 with the money which he himself had set apart for the payment of 114, then on deposit with the county clerk to await the determination of this action," and that such payment was " no more a payment to Hunter than would have been a payment of the sum to a stranger, or an appropriation of it by the treasurer himself," which decision is *res adjudicata,* and has become the law of the case as to that payment, as against the defendant Hubert; and inasmuch as such payment was a misappropriation of the fund for which the sureties would be liable if the amount was not made good by the treasurer himself, and there is no proof that he ever did make it good, nor any proof or allegation that there was any misappro-

priation of the funds of the treasury during Hubert's second term in the office of treasurer, there is no ground for disturbing the judgment of the court below in this case.

It is therefore ordered that the judgment and order appealed from be affirmed.

Sharpstein, J., Thornton, J., McFarland, J., Beatty, C. J., and Paterson, J., concurred.