## POLANCO v. GOFFINET et al.

(Circuit Court of Appeals, First Circuit. February 17, 1925.)

No. 1696.

Courts ⬾406(1)—Dismissal of appeal by Supreme Court of Porto Rico affirmed.

Dismissal of an appeal by the Supreme Court of Porto Rico, because not taken and perfected in compliance with the statutes governing appeals, being a matter of local procedure, will not be reversed, unless clearly erroneous.

In Error to Supreme Court of Porto Rico.

Action at law by August Goffinet and others against Jose Jacinto Nicolas Polanco. Judgment for plaintiffs. The Supreme Court of Porto Rico dismissed an appeal taken by defendant, and he brings error. Affirmed.

Jose A. Poventud, of New York City (Juan B. Soto, of San Juan, Porto Rico, on the brief), for plaintiff in error.

Henry G. Molina, of San Juan, Porto Rico, for defendants in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The defendants in error recovered a judgment against the plaintiff in error July 10, 1922, in the District Court of Humacao in Porto Rico. On August 4, 1922, the plaintiff in error filed a notice of his appeal from this judgment. On August 11, 1922, the plaintiff in error was granted by the District Court "an extension of 10 days from the day following the date on which the stenographer may deliver to him the said transcript for presenting statement of the case on this appeal."

On August 22, 1922, the District Court, at the instance of the plaintiff in error, allowed a period of 30 days from that date for delivering a transcript of the testimony.

On August 28, 1922, the District Judge fixed the date of November 7, 1922, as the date for the settlement of the bill of exceptions and statement of the case.

The affidavit of the stenographer states that the first formal request made upon him for a transcript of his stenographic notes was August 9, 1922.

A motion to dismiss the appeal was filed in the Supreme Court of Porto Rico by the defendants in error, which was heard by that court November 6, 1922; the Chief Justice and three Associate Justices sitting.

The motion to dismiss was granted, and the appeal ordered dismissed, in an opinion filed November 21, 1922.

Under section 295 of the Code of Civil Procedure of Porto Rico an appeal may be taken to the Supreme Court from a final judgment of the District Court within one month after its entry.

Section 299 provides as follows:

"After filing an appeal from a judgment of a District Court, the appellant must, within ten days from the date of the filing thereof, or of the extension of time in case the same should be granted by the court, present to said court a statement, a copy of

which shall be served at the same time on the adverse party, stating the exceptions taken during the course of the proceedings and a summary of the case.

"In this statement there shall be set out all the particulars of the action and all the proofs taken or given at the time. * * * "

It also provides that this statement shall be filed in the court and notice given to the adverse party; that the judge shall thereupon fix a date upon which the parties shall appear before him for the approval of the statement; that the statement, when made up and approved by the court, shall form a part of the judgment roll; and that a certificate from the clerk of the District Court shall be filed in the Supreme Court within 30 days following that on which the bill of exceptions and statement of the case were approved.

The Supreme Court has held that the extension of time granted by the court on August 11 was indefinite and void, as it was not made to begin until the transcript of the stenographer's notes should be delivered by him to the appellant.

Revised Statutes of Porto Rico, p. 262, § 6, act approved March 10, 1904, provides that the reporter shall deliver a copy of the testimony to the appellant within 30 days after he is requested to do so, "unless the court extends the time, which in no case shall exceed another thirty days."

In its opinion the Supreme Court cites the cases of Belaval v. Cordova Davila, 21 P. R. 509, Rivera v. North British & Mercantile Ins. Co., 24 P. R. 612, and Guardian Assurance Co. v. Lopez Acosta, 24 P. R. 597, in which it had held that an extension of time granted for a period which would not begin until the stenographer should furnish a transcript of his notes, was void for indefiniteness, and held that those decisions ruled this case. It stated in substance that, as the 10 days' extension granted by the District Court was not an extension of the 30 days allowed the stenographer by law for delivering his notes, counting from the day on which the request for them was made, but would begin on the date of the delivery of the notes, which was uncertain and might be after the expiration of the said 30 days, the grant of this extension was void because of its indefiniteness. It also said:

"We cannot hold that a limited period of time was granted, particularly as the court was not informed of the date on which the notes were asked for, and neither the court nor the appellee could know when the said 30 days expired."

It also held that the extension granted by the District Court on August 23 for the stenographer to file his transcript of the testimony was void, because the 10 days which the appellant had under section 299 of the Civil Code of Procedure for presenting the statement of the case for approval of the District Court had expired, and that as, under its rules, the appellant is required within 30 days after the notice of appeal is filed in the District Court to file a transcript of the record in the Supreme Court, and this had not been done, the appeal should be dismissed under its rule 58, which is as follows:

"If the transcript of the record or the brief made by appellants be not filed within the time prescribed the appeal may be dismissed, on motion, after notice given. If the transcript, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion."

The plaintiff in error then filed a motion asking the court to relieve it from the effects of the judgment of July 10, 1922. Upon this motion there was a hearing before the Supreme Court, consisting of the Chief Justice and four of the Associate Justices, and the motion was denied.

It is evident from a reading of the cases cited by the Supreme Court in its opinion that it had become convinced of the necessity of strictly construing the provisions of the Code of Porto Rico relative to appeals in order to avoid the delays which had been occasioned by the neglect of counsel to strictly comply with these Code provisions, and it is to be presumed that counsel for the plaintiff in error had knowledge of the strict construction which the court in its previous decisions had placed upon these provisions.

As the question raised is purely a local one, and concerned with the procedure in the Courts of Porto Rico only, the decision of the Supreme Court of Porto Rico should not be reversed, unless clearly erroneous. We are not convinced that it was, and the entry must be:

The judgment of the Supreme Court of Porto Rico is affirmed, with costs to the appellees in this court.